UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

A.G.,

                        Plaintiff,

        v.

MATTHEW GREEN, Corrections Officer in his official
and individual capacities, et al.,

                        Defendants.
_____

<u>DECISION AND ORDER</u>

22-CV-6146L

       This action was brought by a female inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), against Correction Officer Matthew Green, DOCCS Acting Commissioner Anthony J. Annucci, and Albion Correctional Facility ("Albion"). Plaintiff, identified in the complaint by her initials A.G., alleges that Green sexually assaulted her at Albion on October 4, 2020. Through counsel, she asserts claims under 42 U.S.C. § 1983 and New York law. For relief, plaintiff seeks compensatory and punitive damages.

       Defendants Annucci and Albion have filed a motion to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed a response in opposition to the motion.[1]

       Defendants' motion is granted. First, the complaint states that "Commissioner Annucci is sued herein solely in his official capacity." Complaint ¶ 10. It is well settled, however, that the Eleventh Amendment bars claims for damages against state officials in their official capacity.

---

[1] Green, who is represented by separate counsel, has filed an answer to the complaint.

*See Farid v. Smith*, 850 F.2d 917, 920-23 (2d Cir. 1988) (superintendent of correctional facility immune under Eleventh Amendment to the extent sued in his official capacity); *Rodriguez v. Burnett*, 22-CV-10056, 2023 WL 1438720, at *2 (S.D.N.Y. Feb. 1, 2023) (dismissing official-capacity claims against Annucci as barred by the Eleventh Amendment). Since plaintiff seeks only monetary relief, and has expressly sued Annucci solely in his official capacity, her claims against Annucci must be dismissed.

Albion is likewise immune from suit. A claim against a correctional facility is in effect a claim against an arm of the state, DOCCS, and thus amounts to a claim against New York State, which is immune from suit under the Eleventh Amendment. Albion thus "enjoy[s] the same Eleventh Amendment immunity from suit in federal court as enjoyed by the state itself." *Simmons v. Gowanda Corr. Fac.*, No. 13-CV-0647, 2013 WL 3340646, at *2 (W.D.N.Y. July 1, 2013) (quoting *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 411 (2d Cir. 1999)). *See, e.g.*, *Baptiste v. N.Y.S. DOCCS*, 22-CV-1326, 2023 WL 2185989, at *3 (N.D.N.Y. Feb. 23, 2023) (dismissing claims against Clinton Correctional Facility); *Rodriguez v. N.Y.S. Dep't of Corrections*, No. 04–CV–0177, 2004 WL 1574564, at *2 (W.D.N.Y. June 28, 2004) (same as to claims against Albion); *see also Millhouse v. N.Y.S. Dep't of Corr. Servs.*, No. 09-CV-1297, 2009 WL 10675929, at *3 (N.D.N.Y. Dec. 31, 2009) ("[A] state correctional facility, which has no separate legal existence, is generally referred to as a 'branch' of DOCS and, as such, is immune from § 1983 liability"). Plaintiff's claims against Albion must therefore be dismissed as well.

Two aspects of plaintiff's response to the motion also bear mention. First, I note that plaintiff cites several cases involving the defense of qualified immunity. That doctrine has no

bearing on the issues before the Court. Annucci's motion is not based on qualified immunity, but on absolute, Eleventh Amendment immunity.

Plaintiff also discusses N.Y. Corr. L. § 24, which provides that claims for damages against a correction official for acts taken within the scope of his employment may be brought only in the New York Court of Claims. Although defendants do cite that statute in their memorandum of law, it is likewise irrelevant to the Court's decision, which is based not on any state statute, but on the Eleventh Amendment. In dismissing plaintiff's federal claims against the moving defendants, I decline to exercise supplemental jurisdiction over her claims under state law, and the Court expresses no opinion as to the availability of relief on such claims in any state forum.

## CONCLUSION

The motion to dismiss brought by defendants Anthony J. Annucci and Albion Correctional Facility (Dkt. #4) is granted, and the complaint is dismissed as against those two defendants.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 20, 2023.